

**SIGNED this 11 day of December, 2012.**

_____
**John T. Laney, III
Chief United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO.: 09-70165- JTL |
| JOHNNY ALLEN WEBB & | ) | |
| SANDRA FAYE WEBB, | ) | |
| | ) | CHAPTER 7 |
| Debtors. | ) | |
| _____ | ) | |

**Memorandum Opinion**

On October 12 the Court entered an order denying the trustee's Motion to Reopen Case and issued an opinion explaining the Court's findings and conclusions. See *In re Webb*, No. 09-70165-JTL, 2012 WL 4857042 (Bankr. M.D. Ga. Oct. 12, 2012). The trustee now moves the Court to reconsider that order. For the reasons set forth below, the Court will grant the trustee's motion.

**Background**

Johnny Webb was diagnosed with congestive heart failure in July 2007, before his 2009 Chapter 7 filing. The cause was allegedly unknown prepetition. The debtor received a postdischarge class action settlement in a product liability case for injuries arising from medicine taken prepetition, medicine allegedly causing congestive heart failure.[1] The debtor did not know the medicine caused the injury until he saw a commercial, well after his discharge, claiming that the medicine causes congestive heart failure. The trustee moved to reopen the case to administer the settlement proceeds as property of the estate, arguing that because the drug caused injury prepetition, the cause of action arose prepetition, and thus the proceeds belonged to the estate.

The Court denied the trustee's motion. The Court held that because Georgia follows the discovery rule in tort cases[2] and because the debtor was unaware of his disease's cause prepetition, the cause of action arose postpetition and thus was not estate property. The trustee now moves the Court to reconsider its denial of the motion to reopen. In the trustee's brief on this matter, the trustee does not address much of the substance of the Court's opinion, effectively rearguing points in his original brief.

**Conclusions of Law**

The Court's original opinion discussed—at length—the discovery rule and relevant case law, and the Court was very candid in its internal debate over whether the discovery rule applies, in the estate property context, to when a cause of action accrues.

---

[1] As part of the settlement agreement, the debtor cannot disclose the name of the drug or the amount of the settlement. Without specifying the settlement amount, the debtor stated that the amount is less than what he used to make in a year.

[2] The discovery rule states that in cases of bodily injury developing over time, a cause of action does not accrue (and the statute of limitations does not begin to run) until the plaintiff knows, or through reasonable diligence should know, the nature of the injury and the cause. *In re* Webb, 2012 WL 4857042, at *2 (citing

In short, the Court made clear exactly why the discovery rule might be relevant. Quoting the Court's holding, the trustee responds, "This is incorrect. As a matter of law, the cause of action existed when the chapter 7 case was filed. Lack of knowledge concerning causation is irrelevant." Brief in Support of Motion to Reconsider at 1, In re Webb, No. 09-70165-JTL (Bankr. M.D. Ga. Oct. 18, 2012), ECF No. 33. The trustee does not cite any cases for this claim. The trustee cites to no federal case law—save for a lone sentence asserting the irrelevancy of the Eleventh Circuit cases the Court discusses in the original opinion. While the Court will ultimately grant the motion to reconsider, it does so because of its own research and reexamination of the issue.

The Court's decision to reconsider and grant the motion to reopen comes from the Court's reassessment of Johnson v. Alvarez (*In re* Alvarez), 224 F.3d 1123 (11th Cir. 2000), a decision neither the trustee nor the *pro se* debtor discusses in the briefs.[3] The issue in Alvarez was ownership of a professional malpractice lawsuit to which the discovery rule would apply under Florida law. As mentioned in the first opinion on this issue, Alvarez contains language strongly suggesting the discovery rule is not applicable when determining whether a lawsuit is estate property. The court states that "accrue" in the statute of limitations context is "irrelevant" and that "a cause of action can accrue for ownership purposes in a bankruptcy proceeding before the statute of limitations begins to run." Id. at 1273 n.7. As explained more fully in the Court's first Webb opinion, the Court questions the reasoning and conclusions in Alvarez. See *In re* Webb, 2012 WL 4857042, at *4-5. First, the court in Alvarez states that "accrue" under statutes of limitations is irrelevant, but to determine when the lawsuit at issue accrued, the court

---

King v. Seitzingers, Inc., 160 Ga. App. 318, 319, 287 S.E.2d 252, 254 (1981); Corporation of Mercer University v. National Gypsum Co., 258 Ga. 365, 365, 368 S.E.2d 732, 733 (1988)).

uses a definition of "accrue" in another section of the Florida statute of limitations—forgoing "accrue" under the discovery rule for "accrue" under the general statute of limitations. In other words, statutes of limitations are irrelevant, but some statutes of limitations are more relevant than others. Second, the Court believes that, given the Eleventh Circuit's subsequent opinion Witko v. Monette (*In re* Witko), 374 F.3d 1040 (11th Cir. 2004), the Alvarez opinion would likely look very different, for a number of reasons, if decided today.

The Court isn't alone in its confusion about Alvarez. In Griggs v. Marion Hospital Corporation, No. 2004-CV-4241-JPG, 2005 WL 1802249 (S.D. Ill. 2005), the court states,

> Initially then we must pinpoint the rule governing when a claim arises for § 541(a)(1) purposes. The point at which a claim accrues for statute-of-limitations purposes would seem the logical analogue to our query, though *In re: Alvarez* contains language suggesting that some other alternative may exist, but that case fails to expand on the notion, 224 F.3d 1273, n.7 (11th Cir. 2000) ("As noted, however, a cause of action can accrue for ownership purposes in a bankruptcy proceeding before the statute of limitations begins to run."), and the parties in this case offer little assistance of their own on this score. So in the absence of a clear alternative this Court will thus turn to statute-of-limitations jurisprudence ….

Griggs, 2005 WL 1802249, at *1.

In Wooten v. Altahama Bank & Trust, No. Civ.A. CV203-100, 2005 WL 2459095 (S.D. Ga. 2005), the court, citing Alvarez, states, "It is well established in the Eleventh Circuit that the 'accrual' of a cause of action for purposes of determining the trigger date for the statute of limitations may be different from the 'accrual' of the action for, [sic] purposes of determining ownership under § 541 of the Bankruptcy Code." Wooten, 2005 WL 2459095, at *2 The court continues, "When determining whether a

---

[3] As alluded to above, the trustee's brief mentioned Alvarez only to assert its inapplicability.

cause of action accrued for purposes of ownership in a bankruptcy proceeding, 'the test is whether all of the elements of the cause of action had occurred as of the time that the bankruptcy case was commenced, ….'" Id. (quoting In re Alipour, 252 B.R. 230, 235 (M.D. Fla. 2000)).  Notwithstanding Alvarez and the test the court lays out for "accrual" for bankruptcy ownership, the court strangely uses the RICO discovery rule to determine when the debtor's RICO claims accrued: "Unlike the state law claims, a civil RICO claim 'begins to accrue as soon as the plaintiff discovers, or reasonably should have discovered, both the existence and source of his injury and that the injury is part of a pattern.'  It is undisputed that Plaintiffs did not discover [a defendant's] alleged embezzling activities until [postpetition]. …. Thus, Plaintiffs, not the bankruptcy trustee, have standing to assert the RICO claims." Wooten, 2005 WL 2459095, at *3 (citations omitted).  The court does not express confusion over Alvarez, and neither does it explain the discrepancy between its reliance on Alvarez and its actions in the case.

      While not relevant to understanding Alvarez, the case In re Smith, 293 B.R. 786 (Bankr. D. Kan. 2003)—discussed in the Court's original opinion and whose facts almost mirror the facts at bar—is yet another case demonstrating that the discovery rule issue is not as simple as the trustee states.  The court in Smith applied Kansas's discovery rule to determine when a cause of action accrued for ownership purposes in bankruptcy. See id. at 789-90.  Because the trustee did not prove what the debtor knew before filing for bankruptcy, the trustee could not prove the cause of action accrued prepetition, and the court denied the trustee's motion to reopen. Id. at 790.

      The Court's original opinion referred to the language in Alvarez quoted above as dicta.  Dicta—even dicta from the most well-reasoned and unconditionally valid Eleventh

Circuit opinion—is not binding on this Court.  The Court considered the language dicta because the issue in <u>Alvarez</u> was whether the professional malpractice at issue caused damages prepetition or postpetition—not whether the discovery rule applied—and the court discussed the discovery rule *sua sponte* in a footnote.  While the Court looks at Eleventh Circuit dicta as strong authority, the Court gives more or less weight to dicta depending on how persuasive the reasoning is.  The Eleventh Circuit's reasoning on this matter isn't clear, given the conflicting treatment of statutes of limitation, and the opinion as a whole has questionable continuing validity, given the Eleventh Circuit's reasoning in <u>Witko</u>.

But after reconsidering <u>Alvarez</u>, the Court concludes that the inapplicability of the discovery rule was necessary to the Eleventh Circuit's holding.   The alleged malpractice was advising and filing a Chapter 7 bankruptcy instead of a Chapter 11 bankruptcy and failing to convert, resulting in the trustee selling assets at a price disagreeable to the debtor.  <u>See</u> *In re* <u>Alvarez</u>, 224 F.3d at 1275; *In re* <u>Alvarez</u>, 228 B.R. 762, 763 (Bankr. M.D. Fla. 1998). The fight over ownership of the claim (malpractice arising from mishandling a bankruptcy case) occurred in the very bankruptcy proceeding that was the subject of the malpractice claim. Under these facts, the debtor necessarily discovered the injury and cause postpetition.  The discovery rule not applying is essential for the holding—that the cause of action accrued as of the filing and thus was property of the estate—because there is no logical way the discovery rule could apply and the Court's holding stay the same.  Because *In re* <u>Alvarez</u> is binding on this Court, and thus all necessary elements of that decision are binding on this Court, the Court can only conclude that the discovery rule does not apply to the present circumstances.  The Court

will look to whether the elements of the product liability claim occurred before or after filing. It is undisputed that everything, except for knowledge of cause, occurred prepetition. The Court thus holds that the product liability claim accrued prepetition and is estate property.

The Court would like to conclude by responding to several statements in the trustee's brief. The Court's original opinion ended with a section titled "Potential Futility of Granting the Motion," where the Court reasoned that a modest settlement might leave nothing for the trustee to administer, given the debtor's unused homestead exemption and the various exemptions related to personal injury. See In re Webb, 2012 WL 4857042, at *7. The trustee responded to this section of the opinion by stating, "It was premature to decide those issues. Although they are ultimate issues in this case, they should not have been determinative in the motion to reopen." Brief in Support of Motion to Reconsider at 4, In re Webb, No. 09-70165-JTL (Bankr. M.D. Ga. Oct. 18, 2012), ECF No. 33. At the hearing on the motion to reopen, the debtor made statements suggesting the settlement amount is modest—the basis of the Court's assumption—but the Court made clear that "the Court does not know the settlement size." In re Webb, 2012 WL 4857042, at *7. Moreover, those statements were made "[w]ithout deciding any future exemption issues," and those statements were "not necessary for the holding." Id. They were for the benefit of a *pro se* debtor who might not fully understand the repercussions of an adverse outcome on appeal or (as here) on reconsideration.

## Conclusion

The Court will grant the trustee's motion to reopen. The Court will enter an order in accordance with this memorandum opinion.